**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

SUKHDEEP SINGH,                    )
                                   )
            Petitioner,            )
                                   )
vs.                                )          Case No. CIV-26-264-R
                                   )
MARKWAYNE MULLIN, et al.,          )
                                   )
            Respondents.           )

## ORDER

Petitioner, a noncitizen that entered the United States in 2023 without inspection or admission, was placed into removal proceedings and released on his own recognizance. On September 23, 2025, he was taken into custody and he is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] contending that his detention violates the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq., his due process rights, and the Administrative Procedure Act, 5 U.S.C. §§ 551, et seq. He seeks immediate release from custody or, in the alternative, a bond hearing. Respondents filed a response in opposition [Doc. No. 7] and Petitioner replied [Doc. No. 8].

The key question in this case is whether Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention, or whether he must instead be detained pursuant to 8 U.S.C. § 1226(a), which generally provides for a bond hearing. As Respondents acknowledge, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner, that were apprehended within the

1

United States after entering the country without admission or inspection. *See, e.g., Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026). Consistent with these prior decisions, the Court finds that Petitioner is subject to detention under § 1226(a), not § 1225(b)(2).[1]

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt, individualized bond hearing under 8 U.S.C. § 1226(a). Given that the Court has granted Petitioner's request for a bond hearing, the Court declines to address Petitioner's remaining claims.[2]

IT IS SO ORDERED this 6th day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] On this issue, the Court finds persuasive the analysis provided in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) and *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The Court acknowledges the contrary decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

[2] Petitioner's Motion to Expedite [Doc. No. 12] is denied as moot. Respondents filed a Notice [Doc. No. 13] indicating that on April 16, 2026, an Immigration Judge ordered Petitioner removed. However, Petitioner reserved his appeal rights and the time to file an appeal to the BIA has not yet expired. *See Villason v. Dir. of Diamondback Corr. Ctr.*, No. CIV-26-371-D, 2026 WL 950132, at *1 (W.D. Okla. Apr. 8, 2026) (ordering bond hearing under § 1226(a) where petitioner had order of removal that was not final); *Singh v. Noem*, No. 2:25-CV-01256-KG-JFR, 2026 WL 252466, at *2 (D.N.M. Jan. 30, 2026) (same).